**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Plaintiff's Counsel on Signature Page]

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MIRAY ATAMIAN, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**AEGLE NUTRITION, LLC d/b/a TROPICAL OASIS,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*;**<br>3) **CALIFORNIA BUS. & PROF. CODE § 17533.7 (CALIFORNIA FALSE "MADE IN USA" CLAIM);**<br>4) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>5) **NEGLIGENT MISREPRESENTATION; AND**<br>6) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiff, Miray Atamian ("Plaintiff"), brings this Class Action Complaint to challenge the deceptive advertising and business practices of Defendant, AEGLE NUTRITION, LLC d/b/a TROPICAL OASIS ("Defendant") with regard to Defendant's false and misleading promotion of its consumable liquid B vitamin supplements. Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's mislabeled Products.[1]

2. Specifically, Plaintiff purchased Defendant's "Premium Vitamin B12" (hereinafter the "Product"), which Defendant advertised as containing B12 in Methylcobalamin form until the expiration date of May, 2019; being "Made In The USA" and made in a Good Manufacturing Practices ("GMP") "certified facility". However, Defendant's main ingredient Vitamin B12 in Methylcobalamin ("MeCO") form is scientifically proven by its very nature to rapidly degrade when suspended in water and exposed to oxygen. This degradation becomes substantially more rapid after opening. Thus, Defendant's Product cannot last until the advertised expiration date, but instead loses its potency much earlier.

3. Upon information and belief, Defendant's Product's main ingredients, Methylcobalamin and Agave, are imported from a foreign country, thus not "Made In The USA" as claimed.

4. Similarly, the Food and Drug Administration found that the Product has been "prepared, packed, or held under conditions that do not meet CGMP regulations

[1] Although Plaintiff purchased Defendant's mislabeled "Premium Vitamin B12" product, Plaintiff seeks class wide relief on behalf of all purchasers of any of Defendant's Products that are substantially similar to the product purchased by Plaintiff (i.e., all of Defendant's products containing liquid vitamin B12, regardless of the brand they are advertised under and the exact amount of liquid B12 vitamin advertised per serving).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

for dietary supplements." Thus, its facilities are not GMP certified as Defendant claims.

5.  Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

6.  As stated by the California Supreme Court in *Kwikset v. Superior Court* 51 Cal. 4th 310, 328-29 (2011):

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities…

7.  Defendant's nationwide sale and advertising of deceptively labeled products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (4) California's False "Made in USA" Law, Bus. & Prof. Code § 17533.7; (5) negligent misrepresentation; and (6) intentional misrepresentation. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds

$5,000,000.00^2$ as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a limited liability company organized and existing under the laws of the State of Delaware.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Los Angeles, State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)   is authorized to conduct business in this district;

    (b)   does substantial business within this district;

    (c)   is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)   the harm to Plaintiff occurred within this district.

---

[2] On information and belief, Defendant sells its Products in brick and mortar stores and on websites throughout California. Based upon the advertised price of Defendant's Products and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

**PARTIES**

13. Plaintiff is a natural person residing in Lake Balboa, California.

14. Upon information and belief, Defendant is a limited liability company that is organized and exists under the laws of the State of Delaware, with its principal place of business in Texas, and Defendant conducts business within the State of California and within this judicial district.

15. Defendant manufactures and/or distributes various products, including consumable consumer packaged goods and dietary supplements. Defendant conducts extensive business through Internet sales and enjoys retail distribution at numerous stores.

**NATURE OF THE CASE**

16. At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding the vitamin B12 Product, which it manufactures, markets, and sells online through its own website and other retailers, including Amazon.com.

17. Vitamin B12 is believed to be important in maintaining a healthy metabolism, and healthy blood cells and nerves, as serious vitamin B12 deficiency may result in stomach/intestine problems, low red blood cell count (anemia), and permanent nerve damage. Vitamin B12 deficiency is prevalent with certain health conditions, including malnutrition, cancer, HIV, pregnancy, old age, and alcoholism. Individuals who follow a strict vegetarian or vegan diet may also experience vitamin B12 deficiency. Although most people receive enough vitamin B12 through their diet, special circumstances may require some individuals to supplement their vitamin B12 intake.

18. Defendant uses the ingredient MeCO as opposed to other forms of vitamin B12 that may be more stable, but less appealing to consumers. Defendant prominently advertises its use of MeCO on the Product label and packaging

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

because Defendant knows and understands consumers' preference for MeCO as opposed to other forms of vitamin B12.

19. Defendant also manufactures and sells its B12 Product in liquid form because it knows that many consumers who tend to take vitamin B12 are unable to, or prefer not to, swallow tablets or capsules.

20. As a manufacturer of a dietary supplement, Defendant must abide by certain guidelines the FDA created. Among these, Defendant is under a duty to ensure that the purity of its supplement is not affected by the presence of other ingredients or the packaging of the product itself.[3]

21. Defendant advertised, marketed, packaged, and sold its Product to Plaintiff and other consumers similarly situated with the false representation that its Product would not expire until May 2019; was made in a GMP certified facility; and that the product was "Made in the USA".

22. MeCO is an unstable compound that is highly subject to rapid degradation through several means.[4] Its degradation can stem from exposure to oxygen, ascorbic acid and even just light.

23. On information and belief, Defendant's Product degrades due to its manufactured design and this degradation is exacerbated immediately upon opening, and continues to degrade over time such that the remainder of B12 in the Product is negligible and ineffective within months.

---

[3] *See* 21 C.F.R. § 111.70.

[4] European Patent EP2632430A1 ("Methyicobalamin is also known to be highly susceptible to degradation and therefore the least stable among all the derivatives of Vitamin B- 12.")

U.S. Patent No. 9,089,582 B2 (filed Jul. 28, 2015) ("It is generally known that vitamins are not very stable and degradation is to be observed for example on storage. This also applies to the so-called B vitamins, explicitly vitamin B12.")

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

24. Defendant did not, and does not, explain to consumers that the amount of B12 in the Product can or will degrade, and that the benefits as advertised become unobtainable over time.

25. Even worse, the FDA investigated Defendant's facilities in July 2018, and concluded among other things that Defendant's dietary supplement products have been prepared, packed, or held under conditions that do not meet CGMP regulations for dietary supplements.

26. The FDA determined that Defendant violated 21 CFR 111.70(b)(2) because it failed to meet component specifications that are necessary to ensure that specifications for the identity purity, strength, and composition of dietary supplements manufactured using the components are met.

27. In fact, the FDA determined that at the time of manufacturing Plaintiff's same product lot (Number TR51441701), Defendant's product contained an excess of B12 that was beyond what it claimed was on the label. A consequence of Defendant not having proper quality control procedures.

28. Despite having manufacturing process in violation of the FDA's manufacturing guidelines, Defendant still advertises on its label that its product is GMP certified.

29. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

## FACTUAL ALLEGATIONS

30. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. On or about June 14, 2019, Plaintiff purchased a bottle of Defendant's "Premium Vitamin B12" for $14.99 (before tax) from Amazon.com.

32. The following labels (or one substantially similar) were presented to consumers and was attached to the Product purchased by Plaintiff:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







33. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made on Defendant's Product label.

34. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

35. Plaintiff further relied upon Defendant's representations in the "About the Product" section on Amazon.com, including the following statements: "1000mg of Sublingual Vitamin B12 as Methylcobalamin (natural form of B12)" and "Helps fight fatigue, promotes natural energy, and red blood cell formation with liquid B-12".[5]

36. Plaintiff reasonably believed that Defendant's Product would provide these advertised benefits until the contents of the Product were exhausted or until the date of expiration had elapsed.

37. Plaintiff additionally relied upon Defendant's Product's label stating that the Product was "Made In The USA" and reasonably believed that the Product was in fact made within the United States.

38. Upon information and belief, Defendant's Product is manufactured and packaged in such a manner that its B12 purity is constantly eroding due to the MeCO's suspension in water and citric acid. Moreover, this instability increases immediately upon opening and the product degrades at a more rapid pace such that over time the remainder of B12 in the Product is negligible and ineffective. Thus, the Product becomes incapable of providing the benefits as advertised.

39. Upon information and belief, Defendant's product's main ingredient is foreign made, and thus the Product is not "Made In The USA."

---

[5] *See Tropical Oasis Liquid Vitamin B12*, Tropical Oasis (last accessed April, 5, 2018), https://tropicaloasis.com/products/liquid-vitamin-b12-drops-methylcobalamin-maximum-absorption-great-strawberry-flavor-1.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

40. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

41. Defendant could have easily disclosed on its packaging (outside of the Supplement Fact Panel) that its Product becomes unstable upon opening and degrades over time, such that the amount of vitamin B12 becomes negligible and ineffective within months. Similarly, defendant could have labeled the product with a more accurate date of expiration. Upon information and believe, Defendant has no scientific or other reliable data to support it's currently chosen date of expiration.

42. However, Defendant deliberately chose to omit such text and intentionally, or at least negligently, continued to mislead the public.

43. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product contained the advertised amount of vitamin B12 per serving until the expiration date, and that the Product was made in the USA and in a GMP certified facility.

44. Consequently, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product had these benefits; however, the Product could not provide these advertised benefits as it contained negligible amount of vitamin B12 per serving after only a few months.

45. Had Plaintiff and others similarly situated been informed that Defendant's Product did not in fact contain the above referenced benefits and representations, they would not have purchased the Product or would have paid less for it. In other words, Plaintiff would not have purchased Defendant's Product but for the representations on the Product's label and related advertising.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

46. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product label and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California and the United States.

47. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), Plaintiff and other similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of bottles of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

48. Even if Defendant's actions followed the FDA's regulation implementing the Federal Food, Drug and Cosmetic Act ("FD&C Act"), Plaintiff's claim does not seek to challenge the Product's formal name and labeling in areas where the FDA has promulgated regulations. Plaintiff's claims are, instead, predicated on the fact that the labeling and associated advertising is misleading and deceptive. Indeed, compliance with the minimum requirements is necessary, but it is not sufficient to determine whether a product's label is false and misleading, and simply does not provide a shield from liability. *See e.g., Wyeth v. Levine*, 129 S. Ct 1187, 1202 (2009).

49. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

<u>**CLASS ACTION ALLEGATIONS**</u>

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

52. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the State of California who purchased the "Premium Vitamin B12", or a substantially similar Products, from Defendant, within the four years prior to the filing of this Complaint.

53. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

54. The "Class Product" includes Defendant's "Premium Vitamin B12", and other substantially similar products.

55. The "Class Period" means four years prior to the filing of the Complaint in this action.

56. **Ascertainability**.  The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

57. **Numerosity**.  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Product is a top-selling product on Amazon.com, as it has hundreds of customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members.

58. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

a.   Whether the Class Product as manufactured is inherently unstable and this instability becomes worse upon opening causing the Product to rapidly degrade over time;

b.   Whether the Class Product's level of B12 is negligible much sooner than the expiration data;

c.   Whether the Defendant has data to support its labeled date of expiration;

d.   Whether the Class Product is substantially comprised of foreign ingredients;

e.   Whether the Class Product was manufactured in a GMP certified facility;

f.   Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

g.   Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

h.   Whether Defendant's conduct violates California's False "Made in USA" Law, Bus. & Prof. Code § 17533.7;

i.   Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

j.   Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

k.   Whether Defendant's conduct is a fraudulent act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

l.   Whether Defendant's conduct violates California's Health and Safety Code § 110660;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

m.   Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

n.   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

o.   Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Class Product label and Defendant's website;

p.   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

q.   Whether Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

r.   Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

59.   **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the putative Class, purchased the Class Product after exposure to the same material misrepresentations and/or omissions appearing on the Product label, and received a Product that does not have the longevity, origination, and quality of manufacturing, as advertised. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class.  Defendant has no defenses unique to the Plaintiff.

60.   **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the putative Class.  Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

61. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts.

62. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant.

63. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them.

64. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

65. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

66. Defendant has also acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750, *ET SEQ*.**

67. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."  The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

69. Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

70. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

71. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

72. Civil Code Section 1770(a)(2), (4), (5), (7) and (9) provide that:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
>
> (4) [u]sing deceptive representations or designations of geographic origin in connection with goods or services;
>
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;
>
> (7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]
>
> (9) [a]dvertising goods or services with intent not to sell them as advertised."

73. Defendant violated Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing its Product as being manufactured in a GMP Certified facility. Additionally, Defendant advertised the Product as being "Made In The USA" when in fact the Product's ingredients are foreign. Lastly, Defendant advertised its product as having a shelf-life that lasted until May, 2019; however, the Product degrades and becomes negligible at a date much earlier than that.

74. On information and belief, Defendant's Product degrades as manufactured and becomes more unstable immediately upon opening and rapidly degrades, such that the amount of B12 in the Product becomes negligible, thereby rendering Defendant's Product ineffective and misbranded.

75. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these

acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

76. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's actual Product label.

77. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

78. Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

79. Plaintiff and the members of the putative Class are entitled to, and seek, injunctive relief prohibiting such conduct in the future.

80. Plaintiff served a demand letter pursuant to California Civil Code § 1782, which was served on Defendant on or about June 14, 2019, by certified U.S. mail.

81. Should Tropical Oasis not comply with Plaintiff's CLRA demand letter within 30 days of service, pursuant to Cal. Civ. Code § 1782(d), Plaintiff intends to amend the Complaint to add a damage claim under California Civil Code §§ 1750, *et seq*.

82. In the interim, and until Court grants such an amendment or amendment is made as a matter of right, Tropical Oasis may be enjoined from continuing the aforementioned conduct, as no cure period is required for an injunction sought under the CLRA. Cal. Civ. Code § 1782(a).

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
## BUS. & PROF. CODE §§ 17500, *ET SEQ*.

83. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

84. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

85. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

86. As described above, Defendant makes representations as to the origin and longevity of the Product, and the quality of Defendant's manufacturing. However, the Product is foreign sourced, extremely unstable and thus rapidly degrades, and its manufacturing facilities were not compliant with GMP certification.

87. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

88. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know its representations were false.

89. Since Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

90. Had Defendant truthfully advertised that its Product could not maintain the advertised amount of B12 throughout the shelf life of the Product and not represent that the Product was "Made in the USA", and not advertised its facilities as being GMP certified, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased a different product from another manufacturer.

91. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

92. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

### THIRD CAUSE OF ACTION FOR
### VIOLATION OF BUSINESS & PROFESSIONS CODE
### BUS. & PROF. CODE, SECTION 17533.7

93. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States

95. Defendant violated Bus. & Prof. Code § 17533.7 by selling and offering to sell products in the State of California with the "Made In The USA" country of origin designation as fully set forth herein. The Product at issue in this matter is substantially manufactured with foreign ingredients constituting more than ten percent (10%) of the final wholesale value of the manufactured product. Specifically, MeCO and Agave are foreign sourced ingredient not produced within the United States.

96. On information and belief, Defendant's violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and

Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

97. As a direct and proximate result of Defendant's violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the false "Made In The USA" representation set forth on the Defendant's website and on Defendant's actual Product.

98. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### BUS. & PROF. CODE §§ 17200, *ET SEQ.*

99. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

101. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

102. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

## A. "Unlawful" Prong

103. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as alleged herein.

104. Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

105. Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), including FDA regulations concerning naming and labeling food products. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FD&C Act, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FD&C Act is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FD&C Act.

106. Defendant violated the above-referenced statutes by falsely representing that its Product contains a specified amount of vitamin B12 per serving until the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

expiration date of May, 2019, when, in fact, the Product does not contain or maintain the advertised amount, as it is consistently eroding, which becomes more unstable upon opening and thus degrading quicker over time. Additionally, violated Business & Professions Code § 17533.7 by advertising that the Product was "Made In The USA" when in fact it is comprised of foreign ingredients.

107. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

## B. "UNFAIR" PRONG

108. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

109. Had Plaintiff and the putative class members been informed that Defendant's Product did not in fact contain, and/or maintain, the amount of B12 vitamins per serving as advertised or that it was comprised of foreign ingredients, they would not have purchased the Product, would have paid less for it, or would have purchased a different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

## C. "FRAUDULENT" PRONG

110. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by falsely advertising its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Product as having a certain origin and longevity, and the quality of Defendant's manufacturing.

111. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

**D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG**

112. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., in that consumers are led to believe that Defendant's Product contains a certain amount of vitamin B12 per serving until May, 2019, and that it is made in the USA, when, in fact, the Product does not contain or maintain the advertised amount and the Product is comprised on foreign ingredients, as alleged herein.

113. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Product.

114. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

115. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product label and other locations such as Defendant's website and Amazon.com.

116. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

117. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

118. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

119. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that as the Product was of a certain origin and longevity, and the quality of Defendant's manufacturing was compliant with GMP.

120. Defendant made these representations knowing, or having reason to know, that its Product did not fulfill these representations.

121. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

122. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

123. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

124. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

125. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

126. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that as the Product was of a certain origin and longevity, and the quality of Defendant's manufacturing was compliant with GMP.

127. Defendant acted intentionally by willfully and purposefully printing these representations on Defendant's Product, and by prominently labeling the Product as containing MeCO that is 96% absorbable liquid form, as opposed to other more stable forms of vitamin B12.

128. Because the Product is suspended in water containing citric acid and is packaged in a single 2 oz. bottle which upon opening exposes all servings to oxygen thus degrading more rapidly over time. Due to this rapid degradation, the expiration date misrepresents the longevity of the Product.

129. Further, the Defendant prominently displays "Made in the USA" and manufactured in GMP certified facility on its label, despite the Product's main ingredient being foreign and Defendant's facilities violating several FDA regulations.

130. Defendant knew or had reason to know such representations were false, and continued to label its Product in a false or misleading way.

131. Defendant further knew that retailers were advertising its Product as containing a certain amount of vitamin B12 per serving, because Defendant designed, manufactured, and affixed the product labeling to its Products before supplying the Product to the retailers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

132. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

133. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

134. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i. The "who" is Defendant;

    ii. The "what" is the representation that Defendant's liquid B vitamin Product did not expire until May, 2019, is "Made in the USA"; and was made in a GMP certified facility;

    iii. The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

    iv. The "where" is in Defendant's product labeling, advertisements, and online marketing; and

    v. The "how" is the allegation that Defendant did not disclose that its Product does not actually deliver the advertised amount per serving of vitamin B12 because the Product becomes unstable and degrades over time.

135. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representative;

- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws; and
- that Plaintiff and each member of the putative Class recover their costs of suit.

## FIRST CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
## CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- injunctive relief pursuant to Cal. Civ. Code § 1780(a); and
- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
## CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; and
- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION FOR
## VIOLATION OF CAL. BUS. & PROF. CODE § 17533.7

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched, plus actual damages, punitive damages, and statutory damages;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses pursuant to California Code of Civil Procedure § 1021.5;
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### FIFTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

- prejudgment interest in an amount to be determined at trial, pursuant to California Code § 3287(a).

### SIXTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

- prejudgment interest in an amount to be determined at trial, pursuant to California Code § 3287(a);

- punitive damages pursuant to Cal. Civ. Code § 3294; and

- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

136. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: June 14, 2019                    Respectfully submitted,

                              **KAZEROUNI LAW GROUP, APC**


                              By: ___**/s Abbas Kazerounian**___
                                    ABBAS KAZEROUNIAN, ESQ.
                                    JASON IBEY, ESQ.
                                    NICHOLAS BARTHEL, ESQ.
                                    *Attorneys for Plaintiff*

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626